

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2004

# USA v. Domian

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1455

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Domian" (2004). *2004 Decisions.* Paper 914.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/914

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-1455
_____

UNITED STATES OF AMERICA

v.

RONALD ANTHONY DOMIAN
a/k/a Ron,

Ronald Domian, Appellant.

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. No. 02-cr-00015-7E)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
December 19, 2003

Before: ROTH, MCKEE AND CUDAHY, <u>CIRCUIT</u> <u>JUDGES</u>*

(Filed  March 25, 2004)

_____

OPINION

_____

_____

* Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit,
sitting by designation.

ROTH, CIRCUIT JUDGE.

Appellant Ronald Anthony Domian appeals from a judgment of the District Court for the Western District of Pennsylvania entered on February 4, 2003. Defense counsel has filed a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967). Domian has filed a pro se brief in support of his appeal following being advised of the opportunity to do so by this Court, and he also has filed a motion for appointment of new counsel.

A grand jury sitting in the Western District of Pennsylvania handed down an 18 count indictment against 23 defendants, three counts of which were directed at Domian, including conspiracy to possess and distribute 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846 (Count One), and two counts for using a telephone to facilitate the conspiracy in violation of 21 U.S.C. § 843(b) (Counts Nine and Ten). Domian pleaded guilty to Count One; Counts Nine and Ten were dismissed. The parties stipulated at the change of plea hearing that Domian was responsible for between 500 grams and 2 kilograms of cocaine. In addition, Domian answered "yes" when the court asked whether he had ample opportunity to discuss the case with counsel, and whether he was satisfied with the job counsel had done for him.

Two months after pleading guilty to Count One, but prior to sentencing, Domian wrote a six-page letter to the District Court, seeking modification of his pretrial detention and appointment of new counsel for sentencing. In the alternative he asked to be given

2

the right to speak on his own behalf. Domian expressed concern in the motion that counsel would not pursue to his satisfaction his argument that he was merely an addict selling cocaine to offset the cost of his addiction, rather than a major distributor of drugs. The District Court denied the requests for modification of detention and appointment of new counsel.

At sentencing the District Court determined that Domian had an offense level of 23 and a criminal history category of III, resulting in a guideline range of 57 to 71 months.[1] Domian received two additional criminal history points because he was on probation at the time of the offense. He received a third additional criminal history point for committing an offense while on release from a halfway house. The court sentenced Domain to a term of 64 months imprisonment to be followed by 4 years of supervised release. Domian appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. When evaluating the merits of counsel's motion to withdraw, our inquiry is twofold. We must evaluate (1) whether counsel's brief adequately fulfills the Anders requirements, and (2) whether an independent review of the record presents any non-frivolous issues. See United States v. Youla, 241 F.3d 296, 300 (3d Cir.2001). Under Anders, if, after a conscientious examination of the case on appeal, court-appointed counsel "finds his case to be wholly frivolous ... he should so advise the court and request permission to

---

[1] The court appears to have misstated the range at 60 to 71 months.

withdraw." 386 U.S. at 744. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal." Id. The brief must (1) "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," Youla, 241 F.3d at 300; (2) identify issues "arguably supporting the appeal," see Smith v. Robbins, 528 U.S. 259, 285 (2000); and (3) "explain why the issues are frivolous," Youla, 241 F.3d at 300.

Counsel identifies the following separate and distinct issues as arguably supporting an appeal: (1) whether the plea comported with controlling constitutional and statutory standards, (2) whether the District Court properly refused to adjust the offense level pursuant to U.S.S.G. § 3B1.2 to reflect that Domian was a minimal or minor participant in the offense, (3) whether the District Court properly found as a matter of fact that Domian was on probation at the time of the offense, and (4) whether the District Court properly refused to adjust the criminal history level pursuant to U.S.S.G. § 4A1.3 because it overstated the seriousness of Domian's criminal history.

Although we generally rely on the Anders brief to identify the issues raised for appeal, we look at the appellant's pro se brief as well. See Youla, 241 F.3d at 301. Domian contends in his pro se brief that (1) the District Court erred in refusing a downward adjustment for a less culpable role without considering the factors mandated by United States v. Isaza-Zapata, 148 F.3d 236 (3d Cir. 1998), especially the third factor; (2) the District Court erred in refusing to appoint new counsel without making the

necessary inquiries required by <u>United States v. Welty</u>, 674 F.2d 185 (3d Cir. 1982); and (3) counsel provided ineffective assistance on appeal by filing an <u>Anders</u> brief because these issues are not frivolous.

We conclude that counsel's <u>Anders</u> brief is inadequate based upon our independent examination of the record. Both counsel and Domian noted that a minor participation adjustment pursuant to <u>U.S.S.G.</u> § 3B1.2 was an important issue at sentencing. Domian contends that the District Court erred by not considering the <u>Isaza-Zapata</u> factors and by not making certain required findings, but we conclude that the issue arises in this appeal because counsel inadequately requested a 2-level adjustment for a minor role in the offense. The appeal thus is not wholly frivolous. However, we will grant counsel's motion to withdraw, and we will not appoint new counsel, because the appeal, although not wholly frivolous, is nonetheless lacking in merit. Moreover, Domian has demonstrated that he is capable of, and desires to, argue his own case in the future to the extent that there are any further appeals.[2]

Importantly, we review only for clear error where a district court's decision to deny an adjustment for minor participation rests on a factual determination, as it did here. <u>See</u>

---

[2] Third Circuit LAR 109.2(a) provides that if the court finds no arguable merit it will grant the motion to withdraw, while if the court finds arguable merit, it will discharge counsel and appoint substitute counsel. The rule does not provide for the circumstance in which the court makes a determination that an appeal is not wholly frivolous, but is nonetheless lacking in merit and does not require additional briefing. <u>Cf.</u> <u>United States v. Marvin</u>, 211 F.3d 778, 782 n.4 (3d Cir. 2000) (discussing circumstance not contemplated by rule).

Isaza-Zapata, 148 F.3d at 237. Under § 3B1.2 of the sentencing guidelines, a district court is authorized to decrease a defendant's offense level by four levels if the defendant was a "minimal participant" in the crime, by two levels if he was a "minor" participant, and by three levels if he falls somewhere in between. A minimal participant is one who is plainly among the least culpable of those involved in the offense, while a minor participant is one who is less culpable than most other participants, but whose role could not be described as minimal. U.S.S.G. § 3B1.2, cmt. n.4-5 (2003). The District Court's determination that Domian was not entitled to either a 3 or 4-level reduction was not clearly erroneous, see United States v. Haut, 107 F.3d 213, 216 (3d Cir. 1997), and any contention to the contrary lacks arguable merit.

In evaluating whether the defendant's role was minor, district courts should consider "the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." Isaza-Zapata, 148 F.3d at 239 (citing United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991)).[3] The District Court concluded that Domian was not entitled to a 2-level reduction for minor participation under § 3B1.2 after comparing his culpability to that of the other 22 defendants in the conspiracy. Domian was not at the top certainly, but he had dealt between 500 grams and 2 kilograms of cocaine during the life of the conspiracy, a figure

_____

[3] These factors originated in this circuit in Headley and are also referred to as the Headley factors. Because Domian refers to them as the Isaza-Zapata factors we will also.

that put him in the middle of the other dealers involved in the conspiracy. Moreover, Domian was buying and selling approximately $1,000 worth of cocaine a week during the life of the conspiracy, which the court concluded was sufficient to establish that his role was not minor.

Domian argues that the District Court did not specifically refer to the Isaza-Zapata factors, and in particular, did not make any findings concerning the third factor, his lack of knowledge of the scope of the conspiracy. Instead, the court placed too much emphasis on the quantity of drugs attributable to him. The defendant, however, "bears the burden of demonstrating that other participants were involved and that, under the [factors] and the facts of his particular case, the minor role adjustment should apply." 148 F.3d at 240 (citing United States v. Price, 13 F.3d 711, 735 (3d Cir. 1994)). Defense counsel did not list the Isaza-Zapata factors in his sentencing memorandum, did not ask the court to make a finding concerning Domian's awareness of the scope of the conspiracy, nor did counsel appropriately establish Domian's lack of knowledge through testimony. To some extent this is true with respect to the second factor – the importance of the defendant's actions to the success of the venture – as well.

In fairness to counsel, he actually requested an adjustment under § 3B1.2, and the arguments he made showed some awareness of the appropriate considerations. In objections to the presentence report, counsel argued that Domian was a minimal

participant in an extensive conspiracy and entitled to a 4-level downward departure.[4] At

sentencing counsel argued that Domian was unaware of the scope of the conspiracy, as

follows: "He didn't know that Mr. Licato and others were purchasing real estate, that they

had a money laundering business going on with check cashing, nor was he aware of the

source of the cocaine. His role relative to that of others in the conspiracy, especially

those that were in the higher up levels indicates that he is not – he should be afforded at

least a minor role reduction."

Describing Domian's role as minimal or minor, however, is insufficient to raise the

Isaza-Zapata factors and thus the § 3B1.2 minor participation issue. As a general matter,

counsel cannot properly invoke this provision "merely by reciting to the court a list of

mitigating facts" where, as in the case of § 3B1.2, a district court is required "to make

empirical judgments and where factual subtleties can make a real difference." United

States v. Soto, 132 F.3d 56, 58 (D.C. Cir. 1997) (internal quotations removed). Whether

---

[4] Counsel stated: "Investigation by the undersigned counsel for the defendant revealed the existence of a complex coordinated scheme involving interstate and international drug smuggling, exchange of hundreds of thousands of dollars, a complex communication and delivery network, operation of a check cashing business for the laundering of illegally obtained funds, and the purchase of real property using funds derived from drug transactions. Ronald Domian's role ... was limited to that of a low level drug user. He was an addict who purchased cocaine to satisfy his own chemical dependency, occasionally reselling to others.... He was not aware of the scope and structure of the enterprise, nor of the activities of the others involved in the conspiracy. He did not profit financially from his involvement. There is no evidence that he had any knowledge or understanding of the size of the illegal operation, nor the source of the cocaine, other than that he had a source to fill his own needs as an addict." (Position of Defendant With Respect to Sentencing Factors, at 3-4.)

Domain's role was minor "depends on the particular facts of the case and how well counsel marshals them," id., and supports them through testimony. For example, Special Agent Gorham of the Federal Bureau of Investigation coordinated the Erie Area Gang Law Enforcement (EAGLE) Task Force and investigated the drug dealing activities of Paul A. Licato, Jr. and Michael Colegrande. He could have been cross-examined on the scope of the conspiracy. We note that Domian testified at sentencing that he and his female friend used cocaine themselves and on some occasions sold small quantities to others to help offset the cost, but this does little to establish that Domian had no knowledge of the nature and scope of the conspiracy, because the District Court is not required to "believe the defendant's own characterization that his role was minor." United States v. Rodriguez, 342 F.3d 296, 299 (3d Cir. 2003).

We need not decide, however, whether the failure to adequately argue the Isaza-Zapata factors and introduce evidence in support of an adjustment for minor participation is substandard professional conduct, just as the failure altogether to request the departure may be, see Headley, 923 F.2d at 1083-84, because Domian was not prejudiced by counsel's conduct at sentencing. There is no reasonable probability that, but for counsel's arguable errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984).[5] A two-level adjustment for minor participation

---

[5] Ineffective assistance of counsel claims generally are not entertained on direct appeal. See United States v. Headley, 923 F.2d at 1083. The proper avenue for raising such claims is through a collateral proceeding. Id. However, in certain limited cases, we will permit a defendant to pursue the claim on direct appeal where the record is sufficient

would have reduced the guideline range to 46 to 57 months, but Domian is not the sort of person the minor participation provision covers. Even the least culpable member of a conspiracy is not a minor participant if the extent of that member's participation is not minor. See United States v. Brown, 250 F.3d 811, 819 (3d Cir. 2001). Domian's conduct with respect to the conspiracy involved several contacts with a major figure in the conspiracy from whom he received cocaine, without prepayment, and he, in turn, was supplying cocaine to other individuals. This is active, integral participation in the conspiracy and renders Domian ineligible for a minor role adjustment even if he was unaware of the complete scope of the conspiracy. Domian's level of culpability in the conspiracy was average, not substantially less so. U.S.S.G. § 3B1.2, cmt. n.3(A); Isaza-Zapata, 148 F.3d at 238.

We thus do not find fault with the District Court's determination that Domian was not a minor participant even though the court made no findings with respect to his awareness of the scope of the conspiracy. Haut, 107 F.3d at 218 (under clearly erroneous standard finding of fact may be reversed only if it is completely devoid of credible evidentiary basis). Moreover, the District Court's comments indicate an awareness of the other two Isaza-Zapata factors, even though they were not specifically mentioned. We must necessarily conclude that, even if we were to find that counsel's handling of the request for a minor participation adjustment was substandard professional conduct,

and an evidentiary hearing to develop the facts is not needed. Id.

10

Domian suffered no prejudice. Strickland, 466 U.S. at 694.

The remaining issues lack any arguable merit and do not require extended discussion. As to the first issue identified by counsel, the District Court informed Domian of his constitutional rights and advised him that he was waiving those rights by pleading guilty. The terms of the plea agreement were discussed and the government outlined the evidence it would introduce at trial. The District Court advised Domian about the minimum and maximum sentence he could receive and told him that he would serve a term of supervised release. Domian was advised that his sentence would be determined by the District Court and might be different from what either his lawyer or the government predicted. Domian then admitted that he committed the offense with which he was charged. The plea clearly comports with constitutional due process, see Parry v. Rosemeyer, 64 F.3d 110, 113-14 (3d Cir. 1995), and Federal Rule of Criminal Procedure 11.

As to the third issue identified by counsel, the District Court added two points to Domian's criminal history score based on a finding that he was on probation at the time of the offense. Domian pleaded guilty in state court to harassment and was placed on probation, which ended on August 9, 2001. The District Court received evidence on the matter and found, as a matter of fact, that Domian engaged in drug transactions before his probation ended, specifically in June 2001. The District Court's finding of fact is supported by the record and is not clear error. Haut, 107 F.3d at 218.

11

As to the fourth issue, we are without jurisdiction to review a district court's refusal to depart downward, unless that refusal resulted from the court's erroneous belief that it lacked authority to depart. See United States v. Stevens, 223 F.3d 239, 247 (3d Cir. 2000). Section 4A1.3 of the guidelines authorizes the court to depart downward if it concludes that a defendant's criminal history category significantly overstates the seriousness of the defendant's criminal history. We have carefully reviewed the transcript of sentencing and conclude that the District Court knew that it had the authority pursuant to § 4A1.3 to adjust the criminal history level if it overstated the seriousness of Domian's criminal history. The court heard argument on the issue, invited additional testimony, and posed questions of counsel.

As to the issues raised by Domian in his pro se brief, we conclude that the District Court properly denied the post-guilty plea request for new counsel without making the Welty inquiry, see United States v. Welty, 674 F.2d 185 (3d Cir. 1982), and that Domian's Sixth Amendment right to counsel was not violated. The Welty inquiry was not required because the District Court was aware from Domian's six-page letter why he sought new counsel. Id. at 188. Moreover, the District Court did not abuse its discretion in denying new counsel, because Domain did not show good cause, such as a conflict of interest, a failure to prepare for the sentencing hearing, or a complete breakdown in communication. See United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995).

Counsel continued to represent Domian aggressively at the sentencing hearing,

12

notwithstanding the shortcomings we have identified. We note in particular that Domian did not raise a single objection to counsel's conduct at the sentencing hearing or in his pro se brief on appeal. We further conclude that Domian did not adequately assert his right of self-representation, <u>Faretta v. California</u>, 422 U.S. 806 (1975), with a single statement in a six-page letter that he wished to speak for himself. <u>See</u> <u>United States v. Peppers</u>, 302 F.3d 120, 132 & n.10 (3d Cir.), <u>cert. denied</u>, 537 U.S. 1062 (2002). Again, we note that Domian did not request to proceed <u>pro se</u> at the sentencing hearing even when he was permitted to address the court.

Finally, we conclude that Domian was not prejudiced by the filing of the <u>Anders</u> brief. <u>Headley</u>, 923 F.2d at 1083 (ineffective assistance of counsel claim may be decided on direct appeal only where record is sufficient). Although we have identified an issue we do not believe is frivolous, we have nonetheless found it lacking in merit. There is no reasonable probability that, but for counsel's <u>Anders</u> brief, the result of this appeal would have been different. <u>Strickland</u>, 466 U.S. at 694.

We will grant counsel's motion to withdraw and affirm the judgment of the District Court. Domian's motion for appointment of new counsel is denied.